GRANT HAMRICK,

     PLAINTIFF,

v.

SPLASH TRANSPORT, INC.,
AHMED ELMEHALAWY,
NANDLEEN, LLC d/b/a NANDLEEN
LOGISTICS, and
REGINALD DEVON JAMES

     DEFENDANTS.

No. _____
JURY DEMAND

_____/

## COMPLAINT

The PLAINTIFF, GRANT HAMRICK, through his attorneys of record, sues the Defendants, SPLASH TRANSPORT, INC., AHMED ELMEHALAWY, NANDLEEN, LLC d/b/a NANDLEEN LOGISTICS and REGINALD DEVON JAMES, and for his claims for relief states as follows:

## PARTIES

1. PLAINTIFF GRANT HAMRICK ("**MR. HAMRICK**" or "**PLAINTIFF**") is a resident of Duncan, South Carolina.

2. DEFENDANT SPLASH TRANSPORT, INC. ("**SPLASH TRANSPORT**") on information and belief is a foreign, for-profit corporation organized and existing under the laws of Delaware with a principal office located at 5430 W. 81st St. Indianapolis, Indiana, 46468-1611. SPLASH TRANSPORT is a registered motor carrier with the Department of Transportation, Federal Motor Carrier Safety Administration, No.

1

MC-644941. As stated in recent MCS-150 filings[1], SPLASH TRANSPORT has 2,719 power units (trucks) and 3,073 drivers operating on interstate highways. SPLASH TRANSPORT may be served process by serving its registered agent for service of process, CT CORPORATION SYSTEM, 300 Montvue Rd., Knoxville, TN 37919-5546.

3. DEFENDANT, AHMED ELMEHALAWY (“**DEFENDANT ELMEHALAWY”)**, on information and belief, is a citizen and resident of Louisville, Kentucky and can be served process by serving him at his last known residence, 207 Markwell Ct., Louisville, KY 40219.

4. DEFENDANT NANDLEEN, LLC d/b/a NANDLEEN LOGISTICS (“**NANDLEEN LOGISTICS**”), on information and belief, is a foreign, for-profit corporation organized and existing under the laws of Georgia with a principal office located at 2475 Northwoods Parkway, Suite 200, Alpharetta, GA 30009. NANDLEEN LOGISTICS is a registered motor carrier with the Department of Transportation, Federal Motor Carrier Safety Administration, No. MC-1052035. According to recent MCS-150 filings, NANDLEEN LOGISTICS has 1 power unit (truck) and 1 driver operating on interstate highways. NANDLEEN LOGISTICS may be served process by serving its BOC-3 registered agent for service of process, SCOTT CAREY, 211 Commerce Street, Suite 1000, Nashville, TN 37201.

5. DEFENDANT REGINALD DEVON JAMES (“**DEFENDANT JAMES**”), on information and belief, is a citizen and resident of Kennesaw, GA and may be served

---

[1] MCS-150 refers to the form number of a mandatory filing with the Federal Motor Carrier Safety Administration for registered motor carriers.

process by serving him at his last known address, 2665 Reston Ct. NW, Kennesaw, GA 30144.

6. MR. HAMRICK is informed and believes and alleges that at all times herein, DEFENDANT ELMEHALAWY was an agent, servant, employee, statutory employee of SPLASH TRANSPORT and was at all times relevant, acting within the purpose and scope of said agency and employment and with the knowledge, consent and ratification of SPLASH TRANSPORT, as employer.

7. MR. HAMRICK is informed and believes and alleges that at all times herein, DEFENDANT JAMES was an agent, servant, employee, statutory employee of NANDLEEN LOGISTICS and was at all times relevant, acting within the purpose and scope of said agency and employment and with the knowledge, consent and ratification of NANDLEEN LOGISTICS, as employer.

8. The above-named defendants may be referred to collectively as "**DEFENDANTS**."

## JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to 28 USC 1332 (a)(1)-(2) ("diversity jurisdiction"). Many of the acts complained of occurred in this District. The amount in controversy is in excess of $75,000 exclusive of costs and interest.

## FACTS

10. On or before July 27th, 2020, DEFENDANTS SPLASH TRANSPORT and NANDLEEN LOGISTICS had promulgated practices, policies and procedures regarding safety of the motoring public as motor carriers. These policies, practices,

and procedures were formed and implemented from the corporate headquarters of these respective DEFENDANTS in Indiana and/or Georgia. The decisions made by these DEFENDANTS did have direct bearing on the preventability of the crash that forms the basis of the claims before this Court, specifically including the policies, practices, and procedures and the implementation of the same regarding distracted and fatigued driving and what DEFENDANTS did or did not do to prevent distracted and fatigued driving as related to their fleets of large trucks that travel over interstates across the United States.

11. On July 27th, 2020 at or near 9:02 p.m., DEFENDANT JAMES operated a 2014 Freightliner tractor-trailer, VIN 3AKJGLD52ESFX3852, which was fully loaded ("**Truck 1**"), within the course and scope of his employment and/or as agent and/or as statutory employee of DEFENDANT NANDLEEN LOGISTICS.

12. On information and belief, the gross vehicle weight of Truck 1 was up to 80,000 pounds. While operating the truck and in the time before the crash, DEFENDANT JAMES was fatigued and/or distracted, such that his mere operation of the Truck at that time while created a foreseeable increased risk of harm to the motoring public. DEFENDANT JAMES pulled Truck 1 over into the emergency lane on the shoulder of Interstate 75 headed generally southbound and parked Truck 1 near mile marker 108 in Knox County, even though there was no emergency situation.

13. Reasonable care and industry customs and standards prohibit professional truck drivers from parking large trucks in emergency lanes or on highway shoulders in non-emergency situations. 49 C.F.R. § 392.22 (a)-(b) provides:

4

"Hazard warning signal flashers. Whenever a commercial motor vehicle is stopped upon the traveled portion of a highway or the shoulder of a highway for any cause other than necessary traffic stops, the driver of the stopped commercial motor vehicle shall immediately activate the vehicular hazard warning signal flashers and continue the flashing until the driver places the warning devices required by paragraph (b) of this section…"

(b) Placement of warning devices - …whenever a commercial motor vehicle is stopped upon the traveled portion or the shoulder of a highway for any cause other than necessary traffic stops, the driver shall, as soon as possible, but in any event within 10 minutes, place the warning devices required by § 393.95 of this subchapter in the following manner:

(i)    One on the traffic side of and 4 paces (approximately 3 meters or 10 feet) from the stopped commercial motor vehicle in the direction of approaching traffic;

(ii)   One at 40 paces (approximately 30 meters or 100 feet) from the stopped commercial motor vehicle in the direction of approaching traffic…

14.    Truck 1 operated by DEFENDANT JAMES was a commercial vehicle with a gross vehicle weight in excess of 10,001 pounds, involved in interstate commerce and thus subject to compliance with the Federal Motor Carrier Safety Regulations ("**FMCSR**") and applicable Tennessee laws governing the operation of commercial trucks.

15.    Because he was not properly trained nor familiar with industry custom and applicable regulations, DEFENDANT JAMES improperly parked Truck 1 on the shoulder of the highway for a non-emergency and failed to place proper warning devices to alert oncoming traffic. That Truck 1 was parked on the highway shoulder created a hazard.

16.    At or near the same time, DEFENDANT ELMEHALAWY was operating a large commercial motor vehicle, a 2019 International, VIN 3HSDWTRZ8KN579100,

and was fully loaded with bottles and weighing up to 80,000 pounds ("**Truck 2**"), southbound on Interstate 75 approaching the same area where Truck 1 was parked. DEFENDANT ELMEHALAWY merged from the middle lane into the right lane and thereafter also merged into the emergency lane which was occupied by Truck 1, traveling at highway speeds.

17.     As DEFENDANT ELMEHALAWY approached the hazard created by the improper parking of Truck 1 on the shoulder, DEFENDANT ELMEHALAWY was inattentive due to fatigue/distraction or both. As DEFENDANT ELMEHALAWY corrected Truck 2 to veer out of the emergency lane and back into the highway traffic lanes, Truck 2's trailer abruptly hit Truck 1's trailer and caused Truck 2 to swerve and veer into traffic in the adjacent lanes that included a third truck, a 2017 International tractor-trailer, VIN 3HCDJAPR2HL477314 ("**Truck 3**"). Truck 2 lost control and jack-knifed into Truck 3 and caused Trucks 2 and 3 to strike a guardrail. Both Trucks came to rest past the area where Truck 1 was parked.

18. A photograph of the scene of the crash is shown below, depicting all trucks, post-crash:



19. GRANT HAMRICK suffered injuries and damages as a result of the crash, as set forth more fully below.

## COUNT I – NEGLIGENCE/NEGLIGENT HIRING/RETENTION/ENTRUSTMENT

## (SPLASH TRANSPORT AND NANDLEEN LOGISTICS)

20. PLAINTIFF incorporates by reference the allegations set forth above, as if set forth verbatim.

21. At all times herein, SPLASH TRANSPORT and NANDLEEN LOGISTICS, negligently, carelessly, recklessly and unlawfully hired, retained, trained, and supervised their agents, employees, servants and/or independent contractors who they assigned to operate, drive, and control said vehicles, in that, among other things, DEFENDANTS SPLASH TRANSPORT and NANDLEEN LOGISITICS knew or should have known that said persons (DEFENDANTS JAMES and ELMEHALAWY) were unfit for the specific tasks to be performed during the course and scope of their employment and or agency, namely the safe operation of said vehicles.

22. At all times herein, DEFENDANTS SPLASH TRANSPORT and NANDLEEN LOGISTICS owed a duty to the public and PLAINTIFF not to allow unfit, unqualified drivers to operate commercial interstate tractor-trailers while fatigued, distracted or in excess of the maximum allowable hours of service. DEFENDANTS SPLASH TRANSPORT and/or NANDLEEN LOGISTICS had duties to promulgate and enforce adequate policies and procedures to prevent these unsafe acts.

23. At all times material hereto, DEFENDANTS SPLASH TRANSPORT and/or NANDLEEN LOGISTICS, and each of them, so negligently, carelessly, recklessly and unlawfully owned, drove, entrusted, controlled and otherwise so negligently operated said vehicles so as to cause the crash, thereby proximately and legally causing the injuries and damages to GRANT HAMRICK, as hereinafter enumerated. DEFENDANTS SPLASH TRANSPORT and NANDLEEN LOGISTICS owed duties to exercise reasonable care in the hiring, training and supervision of employees and drivers, in the operation of trucks to avoid causing injuries to others, and to

8

promulgate and enforce policies, procedures and rules to those ends. These duties included the duties to comply with the common law, the Federal Motor Carrier Safety Regulations, industry standards, and the relevant provisions of State law and regulations. 49 C.F.R. § § 383, 386, 390, 391, 392, and 395.

24. DEFENDANTS SPLASH TRANSPORT and NANDLEEN LOGISTICS breached the duties they owed to GRANT HAMRICK by committing one or of the following acts of negligence:

a. Failing to properly hire safe, qualified drivers for operation of commercial trucks;

b. failing to properly supervise and train drivers for operation of commercial trucks;

c. negligently retaining drivers;

d. negligently entrusting drivers;

e. negligently allowing encouraging and/or aiding and abetting unfit and/or unqualified drivers to operate a commercial interstate tractor-trailer while fatigued, asleep or in excess of the allowable hours of operation thereof and/or distracted;

f. negligently failing to have proper procedures or policies in place or promulgated for the monitoring of driver hours, to prevent drivers from operating tractor-trailers while fatigued and/or distracted; and

g. otherwise failing to use reasonable care.

25. The failures and negligence of DEFENDANTS SPLASH TRANSPORT and NANDLEEN LOGISITICS legally caused the damages to PLAINTIFF, as set forth more fully below.

**COUNT II – NEGLIGENCE/NEGLIGENCE *PER SE/RESPONDEAT SUPERIOR/*AGENCY**

**(DEFENDANTS REGINALD/NANDLEEN LOGISTICS)**

26. PLAINTIFF re-alleges the foregoing paragraphs as if restated verbatim.

27. DEFENDANT JAMES was negligent (for which NANDLEEN LOGISTICS is liable under agency theory) and failed to use reasonable care by committing one or more of the following acts or omissions:

a. negligently and carelessly operating a tractor-trailer without keeping a safe and proper lookout for other vehicles on the roadway;

b. operating an interstate tractor-trailer while fatigued, asleep or in excess of the maximum allowable hours of service and/or distracted by cell-phone or other similar electronic devices;

c. failing to avoid a collision, when in the exercise of reasonable care, the collision could have been avoided by Defendants;

d. negligently parking a commercial motor vehicle on a highway shoulder in a non-emergency situation and failing to place warning devices, as required by 49 C.F.R. § 392.22.

e. operating a tractor-trailer with disregard for the safety of others, including PLAINTIFF; and

f. otherwise failing to exercise reasonable care.

10

28. The failures, negligence and negligence per se of DEFENDANT JAMES (for which NANDLEEN LOGISTIS is vicariously liable) were the proximate and legal cause of the injuries and damages to PLAINTIFF that are more fully set forth below.

**COUNT III – NEGLIGENCE/NEGLIGENCE *PER SE/RESPONDEAT SUPERIOR/*AGENCY**

**(DEFENDANTS ELMEHALAWY/SPLASH TRANSPORT)**

29. PLAINTIFF re-alleges the foregoing paragraphs as if restated verbatim.

30. DEFENDANT ELMEHALAWY was negligent (for which SPLASH TRANSPORT is liable under agency theory) and failed to use reasonable care by committing one or more of the following acts or omissions:

    a.    negligently and carelessly operating a tractor-trailer without keeping a safe and proper lookout for other vehicles on the roadway;

    b.    operating an interstate tractor-trailer while fatigued, asleep or in excess of the maximum allowable hours of service and/or distracted by cell-phone or other similar electronic devices;

    c.    failing to avoid a collision, when in the exercise of reasonable care, the collision could have been avoided by Defendants;

    d.    operating a tractor-trailer with disregard for the safety of others, including PLAINTIFF; and

    e.    otherwise failing to exercise reasonable care.

31. The failures and negligence of DEFENDANT ELMEHALAWY (for which SPLASH TRANSPORT is vicariously liable) were the proximate and legal cause of the injuries and damages to PLAINTIFF that are more fully set forth below.

## COUNT IV – DECLARATORY RELIEF/CONFLICT OF LAWS

32.     PLAINTIFF realleges each of the foregoing paragraphs as if restated verbatim.

33.     A conflict of laws exists as to application of Tenn. Code Ann. § 29-39-102. DEFENDANTS SPLASH TRANSPORT and/or NANDLEEN LOGISTICS made all of the key decisions regarding their policies, implementation of those policies, hiring decisions and entrustment decisions from their corporate headquarters that are located in the States of Indiana and the State of Georgia, respectively. Neither Indiana nor Georgia recognize limitations on non-economic damages. As a result, any purported limitation on non-economic damages under Tennessee law is inapplicable before this Court. PLAINTIFF seeks declaratory relief under the principals espoused in Restatement 2d of Conflict of Laws, §§ 6 and 146 as either of the states where the hiring, retention, entrustment and supervision occurred have more significant relations than the incidental travel through this State by the Trucks. Tenn. Code Ann. § 29-39-102 was not intended to protect out-of-State defendants who engage in unsafe and reckless practices that cause death and damages to an out-of-state resident who merely traveled through this State on the Federal Interstate System.

34.     PLAINTIFF seeks declaratory relief that Tenn. Code Ann. § 29-39-102 does not apply in this case to limit the damages in any amount whatsoever and the Court shall not reduce any verdict received by PLAINTIFF at trial, or, alternatively and pending discovery, that one of the enumerated exceptions found at Tenn. Code Ann. § 29-39-102(h) apply.

## INJURIES AND DAMAGES

35.     PLAINTIFF re-alleges the foregoing paragraphs as if restated verbatim.

36.     The conduct of the DEFENDANTS was, both at common law and/or statutorily, reckless, willful, knowing, grossly negligent, wanton, and in such disregard for the safety of others that an award for punitive damages is necessary to deter such conduct in the future. As a result of the foregoing, in addition to compensatory damages, PLAINTIFF is entitled to recover punitive damages from DEFENDANTS in order to deter DEFENDANTS and similarly situated third parties from committing the same or similar misconduct that endangers the general safety of the public. As a proximate and legal result of the aforesaid negligence, gross negligence, negligence per se and/or recklessness of the DEFENDANTS, MR. HAMRICK suffered injuries and damages.

37.     As a proximate and legal result of DEFENDANTS acts and omissions, MR. HAMRICK suffered severe personal injuries including but not limited to, ruptured biceps in his arm which has rendered him unable to perform his duties as a professional truck driver, and other damages. MR. HAMRICK is entitled to recover damages from the Defendant for:

    a.      Medical expenses, past and future;

    b.      Permanent injury;

    c.      Lost wages and impairment to earning capacity;

    d.      Physical pain and suffering, past and future;

    e.      Mental or emotional pain and suffering, past and future

    f.      Loss of capacity for the enjoyment of life.

**<u>DEMAND</u>**

**WHEREFORE**, PLAINTIFF, by and through his attorneys, prays that the following relief be granted:

a.    A trial by jury;

b.    for Summons and Complaint to issue against the DEFENDANTS;

c.    for judgment of compensatory damages against DEFENDANTS and each of them in an amount of economic and non-economic damages the jury believes to be just, fair and equitable, given the facts and after hearing the evidence;

d.    declaratory relief of that Tenn. Code Ann. § 29-39-102 does not operate to reduce or diminish any damages under conflict of laws principals espoused under Restatement 2d Conflict of Laws, §§ 6 and 146, or alternatively and pending discovery that one or more of the enumerated exceptions under Tenn. Code Ann. § 29-39-102(h) apply;

e.    for judgment of punitive damages against DEFENDANTS;

f.    for court costs, discretionary costs; and,

g.    for all other and further relief as this Honorable Court deems just and equitable.

**WHEREFORE**, PLAINTIFF further requests that all issues in this case be tried before a jury of six (6) duly qualified and impaneled citizens of our community.

Respectfully submitted,

WRIGHT LAW, PLC

*/s/Matthew E. Wright*
Matthew E. Wright, #022596
840 Crescent Centre Drive
Suite 310
Franklin, TN 37067
P: (615) 455-3588
F: (615) 468-4540
mwright@wrightlawplc.com

*ATTORNEY FOR PLAINTIFF,*
*GRANT HAMRICK*