GRANT HAMRICK,

      PLAINTIFF,

v.

SPLASH TRANSPORT, INC.,
AHMED ELMEHALAWY,
NANDLEEN, LLC d/b/a NANDLEEN
LOGISTICS, and
REGINALD DEVON JAMES

      DEFENDANTS.
_____/

No. 3:20-cv-00417-TRM-dcp
JURY DEMAND

## PLAINTIFF GRANT HAMRICK'S MOTION FOR SANCTIONS FOR SANCTIONS AGAINST NANDLEEN, LLC

## SUMMARY

The claims arise from an eighteen-wheeler parked on the side of the highway by the Nandleen, LLC driver. A **critical** factual dispute exists as to the reason **why** Nandleen, LLC driver Reginald James parked the eighteen-wheeler truck in this spot. Nandleen, LLC claims its driver parked because of a "medical emergency." Reginald James, however, testified that he parked at the intersection where one highway would have taken him to his assigned delivery destination in Miami and the other would take him home to visit his family. Reginald James testified while parked he called his boss to ask permission to drive home over 400 miles to North Carolina. The text messaging between Nandleen, LLC and Reginald James would determine the purpose of the parking dispute. Nandleen, LLC failed to preserve or produce those text messages. This Court should impose sanctions because Nandleen, LLC **wiped the data from the phone**.

## RELIEF SOUGHT

Plaintiff Grant Hamrick ("Grant Hamrick" or "Plaintiff") respectfully moves this Court under Federal Rules of Civil Procedure 37 and 37(e) to enter an order granting sanctions against Nandleen, LLC, that the text messages would have been unfavorable to Nandleen, LLC as a jury instruction or adverse inference.

Nandleen, LLC's owner Ailende Omozokpea admits that he communicated with Reginald James during this trip with text messaging on their cellular phones. Yet, despite having received a formal request for preservation, Nandleen, LLC failed to preserve those text messages and destroyed the cellular phone he sent and received those messages on.

Nandleen, LLC is a motor carrier (trucking company) that dispatches drivers in eighteen wheelers to haul cargo nationwide. To communicate and receive information related to cargo shipments with its drivers, Nandleen, LLC's custom and practice was to use text messaging and cellular phones to send and receive information to and from drivers when those drivers were under dispatch. Grant Hamrick has sought to obtain these messages in discovery because several text messages were sent to and from the Nandleen LLCs owner and Reginald James at the key times before and shortly after the crash that makes the basis of Plaintiff's claims.

Nandleen, LLC was sent and received at its office address a Request for Preservation dated September 17th, 2021 which put Nandleen, LLC on notice to preserve all evidence that may be relevant to future litigation. This Request for Preservation specifically sought preservation of all records from the date of the crash

2

and seven (7) days prior of all "**Bills of Lading**," "**Dispatch Records**," "**Driver call-in records**," "**Any and all cellular and telephone records and bills of Devon Reginald for the day of the motor vehicle crash with Grant Hamrick and seven (7) days prior**," "[a]ny and all satellite communications and email for the day of the collision," "**[t]he cellular phone records from Devon James for the day of the collision**," "data and devices – all data from the actual devices from...messaging systems..."

Another Request for Preservation was sent to Devon J. Reginald dated September 21st, 2020 to preserve "**All electronic devices that were in your possession and/or control including but not limited to all cellular phones, tablets, laptop computers, messaging systems and/or other electronic communication systems**" and "**All data, including data contained in the cloud or back-up device for July 27th, 2020 and the prior thirty (30) days**."

During litigation, Plaintiff served Requests for Production on Nandleen, LLC that sought production of all "electronic mobile communications records through fleet management systems," "all cellular and telephone records of REGINALD JAMES for the day of the collision with Plaintiff and seven (7) days prior" "dispatch records."

Nandleen, LLC was asked to produce all cellular phone records from Reginald James for day of the collision and responded, "Defendant is not in possession of any documents responsive to this discovery request" and for the trip at issue to produce all "bills of lading," "dispatch records," "electronic mobile communication records through fleet management and responded that "**Defendant is not in possession of any documents responsive to this discovery request**."

Through written discovery, Nandleen, LLC never identified **any** electronic message or other communication, message records, or similar nor preserved or produced these material records. It was only during the Fed. R. Civ. P. 30(b)(6) deposition of Nandleen, LLC that Plaintiff learned that not only did Nandleen, LLC routinely communicate with drivers through cell phones and electronic text messages, Nandleen, LLC also communicated multiple times with Reginald James about the trip in question. These messages are **material evidence** relevant to the key dispute at issue: the **purpose of why Reginald James parked on the highway and called his boss**.

Since subpoenaed cellular records do not contain the substance of any texts, it is believed that if Nandleen, LLC failed to preserve them, the only other source of discovery would be through forensic download of the cell phone devices or through access to cloud storage services (e.g., Apple I-Cloud).

In support of this Motion, Plaintiff files herewith the following material Exhibits:

1. Declaration of Matthew E. Wright;

2. Excerpts of the deposition of Ailende Omozokpea (30(b)(6) Corporate Representative for Nandleen, LLC);

3. Excerpts of the deposition of Reginald Devon James;

4. Request for Preservation letter to Nandleen, LLC dated September 17, 2020;

5. Request for Preservation letter to Devon J. Reginald dated September 21, 2020;

4

6. October 1, 2021 letter and October 19, 2021 email from Matthew Wright to Nandleen, LLC's Counsel conferring about production of late-filed exhibits; and

a Memorandum of Law in Support.

WHEREFORE, under Federal Rules of Civil Procedure, Rule 37 and 37(e) and other applicable law, Plaintiff Grant Hamrick respectfully moves this Court to impose sanctions against Defendant Nandleen, LLC and requests that the Court enter an order providing for an instruction that the jury must presume the information contained in the text messages between Ailende Omozokpea and Reginald James was unfavorable to Nandleen, LLC or otherwise compel production of all such messages if Nandleen, LLC contends they did not destroy this evidence (even though admitted Nandleen, LLC wiped the data from the phone) or any other relief the Court may deem appropriate.

## **CERTIFICATION**

I certify that I have made in good faith several attempts by (1) sending an email letter, (2) following up with the Defendant's attorneys via zoom call after the last deposition; and (3) via via two emails thereafter. I was unable to obtain this material without court intervention and understand from Nandleen, LLC's testimony that Nandleen, LLC did not preserve the texts and destroyed the data contained on the phone by wiping it.

5

Respectfully submitted,

**THE LAW FIRM FOR TRUCK SAFETY, LLP**

*s/Matthew E. Wright*
Matthew E. Wright, #022596
840 Crescent Centre Drive
Suite 310
Franklin, TN 37067
P: (615) 455-3588
F: (615) 468-4540
matt@truckaccidents.com
*Attorney for Plaintiff,*
*Grant Hamrick*

## CERTIFICATE OF SERVICE

I, Matthew E. Wright, hereby certify that a copy of the foregoing has been furnished via the Court's ECF filing system to the following:

Brad A Fraser
Ethan D. Lavelle
LEITNER, WILLIAMS, DOOLEY
  & NAPOLITAN, PLLC
900 South Gay Street
Suite 1800
Knoxville, TN 37902
*Attorneys for Defendants Splash*
*Transport, Inc. and Ahmed Elmehalawy*

Kenneth W. Ward
Ryan Sarr
TRAMMEL, ADKINS & WARD, PC
1900 N. Winston Road
Suite 600
Knoxville, TN 37919
*Attorney for Nandleen, LLC d/b/a Nandleen*
*Logistics, LLC and Reginald Devon James*

on November 12, 2021.

*s/Matthew E. Wright*
Matthew E. Wright

6