UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GRANT HAMRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:20-CV-00417-TRM-DCP |
| | ) | |
| SPLASH TRANSPORT, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion for Sanctions against Defendant Nandleen and Reginald James ("Motion for Sanctions") [Doc. 90]. Defendants Nandleen, LLC d/b/a Nandleen Logistics and Reginald Devin James filed a Response [Doc. 107] in opposition. Plaintiff did not file a reply. The Motion is ripe for adjudication. Accordingly, for the reasons explained below, the Court **DENIES** Plaintiff's Motion for Sanctions [**Doc. 90**].

**I.   BACKGROUND**

The instant action arises from a vehicular incident. Defendant Ahmed Elmehalawy ("Elmehalawy") is the truck driver for Defendant Splash Transport, Inc. ("Splash"). [Doc. 83 at ¶ 6]. Defendant Reginald Devon James ("James") is the truck driver for Defendant Nandleen, LLC, doing business as Nandleen Logistics ("Nandleen"). [*Id.* at ¶ 7].

Specifically, Plaintiff alleges that on July 27, 2020, Defendant James was driving his freight truck southbound on I-75 when he pulled over into the emergency lane for a non-emergency. [*Id.* at ¶¶ 11-12]. Plaintiff states that Defendant Elmehalawy was also operating a

1

freight truck, heading southbound on I-75 and nearing Defendant James and his freight truck. [*Id.* at ¶ 17]. Plaintiff alleges that Defendant Elmehalawy merged from the middle lane to the right lane and then into the emergency lane that was occupied by Defendant James's freight truck. [*Id.*]. Plaintiff states Defendant Elmehalawy corrected to try to veer out of the emergency lane and back onto the highway, but he ended up hitting Defendant James's truck. [*Id.* at ¶ 18]. Plaintiff states that such caused Defendant Elmehalawy's truck to swerve and veer into traffic in the adjacent lanes, leading him to hit a third freight truck. [*Id.*]. Defendant Elmehalawy jack-knifed, and both Defendant Elmehalawy's truck and the third truck hit a guardrail before coming to rest past the area where Defendant James's truck was parked. [*Id.* at ¶ 19]. Plaintiff states that he was injured as a result of crash. [*Id.* at ¶ 20].

Relevant to the instant issue, the parties dispute the reason why Defendant James pulled into the emergency lane and whether his reason for doing so was lawful. Defendant James claims that he pulled into the emergency lane because he felt nauseous. Plaintiff alleges that Defendant James pulled into the emergency lane to call his boss for permission to drive home instead of his assigned destination. During discovery, Plaintiff requested that Defendant Nandleen produce text messages between it and Defendant James. Plaintiff states that the text messages will reveal the true purpose of why Defendant James pulled over into the emergency lane. Plaintiff argues, however, that Nandleen's owner, Ailende Omozokpea ("Omozokpea"), testified that he wiped the data from his (Omozokpea's) phone. Specifically, the following exchange occurred during Omozokpea's deposition:

> Q. Do you still have the phone that you were using when Mr. Reginald James called you?
>
> A. No, I don't think so.
>
> Q. Did you get rid of it?

2

> A. Yes, I think so.
>
> Q. What—what did you do with it?
>
> A. Normally, I give it out. I don't—I don't sell my phones. I'll just give it to someone. So I send it back to my country.
>
> Q. Okay. Do you know who you sent it to?
>
> A. I can't remember.
>
> Q. You give it to someone you know or to a stranger?
>
> A. Oh, someone I know, for sure.
>
> Q. Okay. I would like you to figure out who you sent that to because there may be material information on that. Can you agree to do that?
>
> A. I'll figure out. But I reset the phone before I sent. I only save some few stuff, you know, that I feel is useful to my new phone, and I just factory re-set the old thing so I can give it up.
>
> Q. Did you delete the data, the call data, and text messages on it?
>
> A. I factory reset the phone to brand-new. Yes.

[Doc. 90-2 at 7-8].

Plaintiff argues that given that Omozokpea destroyed the data, the Court should enter an order granting sanctions against Defendant Nandleen in the form of an adverse jury instruction—that is, the text messages would have been favorable to Plaintiff.

Defendant Nandleen responds [Doc. 107] that the Court should deny Plaintiff's Motion for Sanctions because (1) Defendant James is going to produce the text messages, (2) the text messages do not concern Defendant James's decision to pull into the emergency lane, (3) Plaintiff will not suffer prejudice because the texts will be produced and they are irrelevant, and (4) it had no intent

3

to deprive Plaintiff of the use of the text messages in this litigation. Defendant Nandleen states that the text messages relate to pickup and delivery locations, the bill of lading, the contents of the load being delivered, and/or proof of delivery—as Omozokpea testified during his deposition. In addition, Defendant Nandleen argues that there are simply no texts that would concern Defendant James's reasons for pulling over because Defendant James *called* Omozokpea to discuss after pulling over into the emergency lane.

## II. ANALYSIS

The Court has considered the above filings, and for the reasons explained below, the Court finds Plaintiff's Motion [**Doc. 90**] not well taken, and it is **DENIED**.

Plaintiff relies on Federal Rule Civil Procedure 37(e) for his request for an adverse inference. Rule 37(e) provides as follows:

> **(e) Failure to Preserve Electronically Stored Information.** If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> **(1)** upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> **(2)** only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> **(A)** presume that the lost information was unfavorable to the party;
> **(B)** instruct the jury that it may or must presume the information was unfavorable to the party; or
> **(C)** dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37.

The Court finds that Rule 37(e) does not support an adverse inference instruction for several reasons. First, as Plaintiff states, the critical issue is why Defendant James pulled off the

road and into the emergency lane. During Defendant James's deposition, he testified that he pulled over because he felt like he was going to vomit and that he *called*, presumably Omozokpea, and was struck while he was still on the phone. [Doc. 107-1 at 2-3] (emphasis added). Thus, there is no evidence that Defendant James texted Omozokepea about his reason for pulling over.

Second, as Defendant Nandleen has stated, Plaintiff is able to obtain this discovery elsewhere through Defendant James's phone, and text messages between Defendant James and Defendant Nandleen (which were not about Defendant James's reason for pulling over) have now been produced. *See* [Doc. 107-2]. Finally, even if there are text messages between Omozokpea and Defendant James regarding the reason why Defendant James pulled over into the emergency lane *and* Defendant James no longer has those text messages, it is not clear at this time that Omozokpea actually destroyed any relevant messages. In response to questioning about his efforts to preserve any messages, Omozokpea testified that he backed his cell phone data to the iCloud. *See* [Doc. 90-2 at 10]. It does not appear to the Court that the parties have followed up to determine whether the deleted information on the phone was saved elsewhere. Accordingly, the Court finds Plaintiff's request not well taken.

## III. CONCLUSION

Accordingly, for the reasons stated above, the Court **DENIES** Plaintiff's Motion for Sanctions against Defendants Nandleen and Reginald James [**Doc. 90**].[1]

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[1] As a final matter, the Court notes that Plaintiff previously filed a response [Doc. 123] to Defendants Nandleen and James's request for extension of time, wherein Plaintiff states that he obtained records from the cell phone that Defendant James was using and that these records show that Defendant James was using an application that "would reveal the true purpose of his parking on the highway shoulder." [*Id.* at 2]. Plaintiff intends to seek a forensic download and expert inspection of Defendant James's cell phone and further intends to file a motion with the Court if Defendants refuse. Prior to filing any motion with the Court, the parties **SHALL** participate in a *meaningful* meet and confer in an attempt to resolve this issue.